The state's evidence only supports the reasonable inference that Maack was familiar with the home and her housemates and that she desired to keep the children safe in the limited capacity she could. The state presented no evidence that Maack shared the bedroom with the dealer, that she had any ownership interest or control over who could live in her mother-in-law's house, or that the dealer's bedroom was not a private space. Instead, the evidence consists solely of Maack's awareness of the paraphernalia in the home and her fleeting use of it. Because mere knowledge that methamphetamine paraphernalia is being stored in the home and limited use of the paraphernalia is insufficient to convict a person under Minn. Stat. § 152.137, subd. 2(a)(4), we reverse Maack's conviction.
DECISION
Where there was no evidence that Maack had an ownership interest in the home or control over who could live there, her knowledge that another person stored methamphetamine paraphernalia in a private bedroom of the home where she lived with her children is insufficient to convict her of engaging in the activity of storing methamphetamine paraphernalia under Minn. Stat. § 152.137, subd. 2(a)(4). Additionally, because the record shows and the parties agree that count four had been dismissed pursuant to a plea agreement, we reverse Maack's conviction on count *796 four, petty misdemeanor possession of drug paraphernalia.
Reversed.